**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**Lafayette Division**

| | |
|---|---|
| **ADAVACNED TURBINE SERVICES, LLC** | **Case No. 6:17-cv-510** |
| **Plaintiff** | **Judge ________________________** |
| **Versus** | **Magistrate ____________________** |
| **TURBINE POWER TECHNOLOGY, LLC** | |
| **Defendant** | |

**<u>COMPLAINT FOR DAMAGES</u>**

Plaintiff, Advanced Turbine Services, LLC, brings this action based upon personal knowledge as to the facts, investigation of counsel, and upon information and belief as to all matters, and alleges as follows:

## I. Jurisdiction and Parties

1. Advanced Turbine Services, LLC, plaintiff herein, is a Connecticut limited liability company with its sole member domiciled in Phoenix, Arizona, and with its principal place of business in Meriden, Connecticut.

2. Made Defendant herein is Turbine Powered Technology, LLC, a Louisiana limited liability company with its sole member domiciled in Franklin, Louisiana, and with its principal place of business in Franklin, Louisiana.

3. Subject matter jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional minimum.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1).

## II. Facts

5. Beginning in October 2011, Advanced Turbine Services, LLC (hereinafter "ATS") sold remanufactured turbine engines to Turbine Powered Technology, LLC (hereinafter "TPT").

6. Thereafter, TPT requested that ATS conduct maintenance and repair services on these engines, pursuant to warranty claims.

7. ATS denied TPT's various warranty claims. Thereafter, TPT requested that ATS perform maintenance and repairs to the engine pursuant to normal and customary service rates and terms.

8. From approximately April, 2012 to February, 2013, ATS performed maintenance and repair work on turbine engines for TPT.

9. That maintenance and repair work is truly and accurately described by the invoices submitted from ATS to TPT, attached hereto as Exhibit "A" *in globo*. Those invoices total **$1,362,719.96** and are summarized in the following table:

| Invoice Date | Order Number | PO Number | Invoice Amount ($) |
|---|---|---|---:|
| 04/13/2012 | 10330 | 12042 | 351,000.00 |
| 05/08/2012 | 10572 | 11003 | 43,477.38 |
| 8/12/2012 | 10573 | 11005 | 299,384.81 |
| 10/12/2012 | 10574 | 11006 | 264,370.00 |
| 10/17/2012 | 10575 | 11007 | 193,694.74 |
| 11/05/2012 | 10577 | 12028 | 60,355.30 |
| 11/20/2012 | 10578 | 12031 | 54,990.36 |
| 01/4/2013 | 10576 | 12025 | 52,198.78 |
| 02/13/2013 | 10453 | 3218 | 478.24 |
| 02/27/2013 | 10462 | 2452 | 42770.35 |

10. Furthermore, on October 4, 2011, TPT purchased a set of 25 T-55 turbine engines from ATS. ATS delivered those engines to TPT in specialized military shipping containers which are custom-designed for shipping the T-55 engine. As part of this purchase, TPT agreed to send these shipping containers back to ATS. These shipping containers were never sold to TPT. These shipping containers represent substantial value to any firm in the turbine engine industry, and the fair market value of all 25 containers is approximately **$500,000**. Despite amicable demand, TPT has failed to return the containers and has failed to pay reasonable compensation to ATS for these containers.

11. In a separate transaction, on or about November 12, 2012, ATS sold another remanufactured turbine engine to TPT. The price for that engine was $358,000 plus an additional purchase price of $25,000 for the accessory equipment to be furnished with the engine. TPT paid a down payment to ATS, and ATS delivered that engine to TPT. The remaining balance due for that purchase is **$266, 835.00**.

12. Additionally, TPT made representations by conduct and/or word which led ATS to believe that TPT would be exercising its option under the parties' agreement to purchase fifty (50) additional remanufactured turbine engines. In reliance on TPT's representations, and in preparation to fulfill this second phase of the contract, ATS purchased a number of vendor parts in advance in order to be able to meet their delivery schedule on time. Thereafter, TPT changed its position and failed to purchase the fifty (50) additional remanufactured turbine engines. From approximately December, 2013 through January, 2014, ATS attempted to resolve this dispute with TPT through normal business discussions and by providing written notice of the default. TPT has failed to cure the default. As a result, ATS was forced to pay material costs and cancellation fees for various vendor parts that were specifically ordered in anticipation of

fulfilling the parties' agreement. Those costs and fees total **$1,544,000.00** and are summarized in the following table:

| Vendor | Description | Amount ($) |
|---|---|---|
| Chromalloy | 4th nozzles | 125,000.00 |
| Global Turbine | 2nd nozzles | 52,200.00 |
| Air Group | #2 bearings | 87,000.00 |
| DeAngelo Marine | exhaust flanges | 16,000.00 |
| F & M Casting | output groups | 102,000.00 |
| United Avionics | engine cabling | 63,000.00 |
| CPI | inlet flanges | 152,000.00 |
| Goodrich | fuel tip nozzles | 858,000.00 |
| Nebraska Gas Turbine | engine tests | 52,800.00 |
| Rex Nord | engine seals | 36,000.00 |

13. Despite amicable demand, TPT refused to remit payment to ATS for the foregoing maintenance and repair services, shipping containers, balance due on the sale of the aforementioned turbine engine, and material costs and cancellation fees, all of which total approximately **$3,673,554.96.**

## III. Causes of Action

### A. Breach of Contract, and Alternatively, Unjust Enrichment for Failure to Pay Outstanding Invoices for Maintenance and Repair Services

14. The foregoing factual allegations are re-plead and incorporated hereto as if written *in extenso*.

15. TPT's failure to pay ATS for the foregoing invoices constitutes breach of the contract between the parties. TPT's breach has been in bad faith, and renders TPT liable to ATS for all damages, foreseeable or not, resulting from this breach, pursuant to La. Civ. Code art. 1997.

16. TPT's failure to make payments on its open, running account with ATS constitutes breach of contract between the parties. TPT's breach has been in bad faith and renders TPT liable to ATS pursuant to the Common Law of the State of Connecticut. *See*, e.g. *Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 662 A.2d 89 (Conn. 1995); *John H. Kolb & Sons, Inc. v. G & L Excavating, Inc.*, 76 Conn. App. 599 (2003).

17. Alternatively, TPT has been unjustly enriched by the materials and labor furnished by ATS, and therefore renders TPT liable for damages to the extent of this unjust enrichment pursuant to La Civ. Code art. 2298.

18. Alternatively, TPT has been unjustly enriched by the materials and labor furnished by ATS, and therefore renders TPT liable for damages to the extent of this unjust enrichment pursuant to the Common Law of the State of Connecticut. *See, e.g. Town of New Hartford v. Connecticut Resources Recovery Authority* 970 A.2d 592 (Conn. 2009).

**B. Breach of Contract, and Alternatively, Unjust Enrichment for Failure to Return and/or Compensate for Shipping Containers**

19. The foregoing factual allegations are re-plead and incorporated hereto as if written in extenso.

20. TPT's failure to return the aforementioned shipping containers and/or failure to compensate ATS for those containers constitutes breach of the contract between the parties. TPT's breach has been in bad faith, and renders TPT liable to ATS for all damages, foreseeable or not, resulting from this breach, pursuant to La. Civ. Code art. 1997.

21. TPT's failure to return the aforementioned shipping containers and/or failure to compensate ATS for those containers constitutes breach of contract between the parties. TPT's breach has been in bad faith and renders TPT liable to ATS pursuant to the Common Law of the State of Connecticut. *See*, e.g. *Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 662 A.2d 89 (Conn. 1995).

22. Alternatively, TPT has been unjustly enriched by the shipping containers furnished by ATS, and therefore renders TPT liable for damages to the extent of this unjust enrichment pursuant to La Civ. Code art. 2298.

23. Alternatively, TPT has been unjustly enriched by the shipping containers furnished by ATS, and therefore renders TPT liable for damages to the extent of this unjust enrichment pursuant to the Common Law of the State of Connecticut. *See, e.g. Town of New Hartford v. Connecticut Resources Recovery Authority* 970 A.2d 592 (Conn. 2009).

**C. Breach of Contract, and Alternatively, Unjust Enrichment for Failure to Pay Balance of Purchase of Remanufactured Turbine Engine**

24. The foregoing factual allegations are re-plead and incorporated hereto as if written *in extenso*.

25. TPT's failure to pay ATS the remaining balance due for its purchase of the aforementioned turbine engine constitutes breach of the contract between the parties. TPT's breach has been in bad faith, and renders TPT liable to ATS for all damages, foreseeable or not, resulting from this breach, pursuant to La. Civ. Code art. 1997.

26. TPT's failure to pay ATS the remaining balance due for its purchase of the aforementioned turbine engine constitutes breach of contract between the parties. TPT's breach has been in bad faith and renders TPT liable to ATS pursuant to the Common Law of the State of

Connecticut. *See,* e.g. *Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,* 662 A.2d 89 (Conn. 1995).

27. Alternatively, TPT has been unjustly enriched by the turbine engine furnished by ATS, and therefore renders TPT liable for damages to the extent of this unjust enrichment pursuant to La Civ. Code art. 2298.

28. Alternatively, TPT has been unjustly enriched by the turbine engine furnished by ATS, and therefore renders TPT liable for damages to the extent of this unjust enrichment pursuant to the Common Law of the State of Connecticut. *See, e.g. Town of New Hartford v. Connecticut Resources Recovery Authority* 970 A.2d 592 (Conn. 2009).

**D. Breach of Contract, and Alternatively, Detrimental Reliance for Failure to Purchase Additional Remanufactured Turbine Engines**

29. The foregoing factual allegations are re-plead and incorporated hereto as if written *in extenso*.

30. TPT's failure to reimburse ATS for the material costs and cancellation fees incurred as a result of TPT's failure to purchase the fifty (50) additional remanufactured turbine engines constitutes breach of the contract between the parties. TPT's breach has been in bad faith, and renders TPT liable to ATS for all damages, foreseeable or not, resulting from this breach, pursuant to La. Civ. Code art. 1997.

31. TPT's failure to reimburse ATS for the material costs and cancellation fees incurred as a result of TPT's failure to purchase the fifty (50) additional remanufactured turbine engines constitutes breach of contract between the parties. TPT's breach has been in bad faith and renders TPT liable to ATS pursuant to the Common Law of the State of Connecticut. *See,* e.g. *Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 662 A.2d 89 (Conn. 1995).

32. Alternatively, ATS's justifiable reliance upon TPT's representations was to its detriment as TPT has not adequately compensated ATS. Therefore, ATS is entitled to recovery and damages based upon detrimental reliance, under Louisiana Civil Code article 1967.

33. Alternatively, TPT's misleading conduct regarding its intention to purchase fifty (50) additional remanufactured turbine engines resulted in detrimental reliance by ATS. Therefore, ATS is entitled to recovery and damages based on the doctrine of promissory estoppel, under the Common Law of the State of Connecticut. *See, e.g. Glazer v. Dress Barn, Inc.*, 274 Conn. 33, 88, 873 A.2d 929, 963 (2005).

## IV. <u>Prayer for Relief</u>

34. Wherefore, Plaintiff prays that Defendant be cited and made to answer this complaint, and that after due proceedings are held a money judgment is entered in favor of Plaintiff and against Defendant for general damages, actual economic damages, attorney's fees, and for all such further relief justified in the premises.

## V. <u>Jury Demand</u>

35. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Young, Cotter & Meade**
/s/ Adam G. Young, 30124
315 South College Rd., Ste. 163
Lafayette, Louisiana 70503
337-261-8800
337-234-3133 (fax)
adam@ycmlawfirm.com

John Alden Meade, 29975
Laura N. Buck, 34467
909 Poydras St., Suite 1600
New Orleans, Louisiana 70112
504-799-3100
504-814-1487 (fax)
jameade@ycmlawfirm.com
laura@ycmlawfirm.com